Carlos J. Cuevas, Esq.
Proposed Attorney for the Debtor
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re                                                       Chapter 11

BRONX CITY SERVICE AUTO REPAIR, INC.,        Case No. 20-11090(SMB)

                                                Debtor.

-------------------------------------------------------------X

## DECLARATION OF RONALD QUINTERO, CPA PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016

RONALD G. QUINTERO, declares under penalty of perjury under the laws of the United States of America, Judicial Code Section 1746, that the foregoing is true and correct:

### INTRODUCTION

1. I am the principal of R.G. Quintero & Co. ("RGQ"). Unless otherwise stated, I have personal knowledge of the facts contained in this Declaration.

2. I am a Certified Public Accountant in New York.

3. RGQ was established in 1988. RGQ provides bankruptcy and insolvency services.

4. I have served as an accountant in various bankruptcy cases.

### SERVICES TO BE RENDERED

5. The purpose of the RGQ is to assist the Debtor with the financial information for its Disclosure Statement and Plan of Reorganization. The Debtor needs to prepare an eight-

1

year financial forecast and a liquidation analysis. The preceding is the scope of my engagement.

## PROFESSIONAL COMPENSATION

6. I have agreed to charge the Debtor $360.00 an hour, which is a significantly reduced rate.

## RGQ'S DISINTEREDNESS

7. No agreement exists between RGQ and any other person for a division of compensation to be received for services in, or in connection with, the within Chapter 11 case, nor shall RGQ share or agree to share compensation paid or allowed from the Estate for such services with any other person except as part of the regular, earned compensation of RGQ's officers and employees.

8. All services for which compensation is and will be sought herein were and will be rendered solely to the Debtor in connection with or related to the Debtor's Chapter 11 case and not on behalf of any individual creditors and/or other persons.

9. No agreement or understanding prohibited by 18 U.S.C. § 155 or 11 U.S.C. § 504 has been, or will be made by me.

10. To the best of the Debtor's knowledge, RGQ, has no connection with the Debtor, its creditors or any other party in interest or their respective attorneys, attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

11. RGQ is a "disinterested person" as the term is defined in 11 U.S.C. § 101(14) in that: (a) RGQ is not a creditor, equity security holder or insider of the Debtor; (b) RGQ is not and was not an investment banker for any outstanding security if the Debtor; (c) RGQ has not been within three years before the date of the filing of the Debtor's petition an investment

banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale, issuance of a security of the Debtor; (d) RGQ is not and was not within two years before the date of the filing of the Debtor's petition a director, officer or employee of the Debtor or an investment banker specified in parts (b) or (c) of this paragraph; and (e) RGQ does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in parts (b) or (c) of this paragraph, or for any other reason.

12. I respectfully represent that I do not represent an adverse interest to the Debtor.
13. RGQ has not provided services to the Debtor in the past.
14. RGQ has not received a retainer.

Dated: New York, New York
July 16, 2020

_____
Ronald G. Quintero